**BACON v. RIVER TERMINALS CORPORATION et al.**

**THE AHEPA.**

**No. 12480.**

United States Court of Appeals Fifth Circuit.

Feb. 25, 1949.

Rehearing Denied April 4, 1949.

T. G. Schirmeyer, of Houston, Tex., for appellant.

Selim B. Lemle, of New Orleans, La., and Robert Eikel, Jr., James K. Nance, and Denman Moody, all of Houston, Tex., for appellees.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

PER CURIAM.

The suit, a consolidation of three libels under Admiralty No. 793, was for recovery of damages resulting from a head-on collision between the Tug "Ahepa" pushing the Barge "Walter Yott" and the Tug "Hanson" pulling two empty steel tank barges.

The Tug "Ahepa," admitting that at the time of the collision it was navigating on its own port, instead of its starboard, side of the cannel, contrary to the ordinary narrow channel rule, claimed below and claims here that it was not in fault for doing so and that this was not the real cause of the collision. The real cause according to the claim, was the fault of the "Hanson" in failing to recognize and comply with passing signals blown by the "Ahepa," which, because of a high wind, having elected the port side for reasons of safety, had signaled for a starboard to starboard passing.

The "Hanson" and the other vessels denied this, and a great deal of evidence was taken orally.

Unfortunately for the appellant, here, the district judge, who heard all the witnesses orally, determined these issues flatly against it in findings of fact[1] and

---

[2] Rawls v. United States, 10 Cir., 166 F.2d 532, 533, and cases there cited; Craig v. Hunter, 10 Cir., 167 F.2d 721, 722.

[1] "Findings of Fact.

"(b) The collision occurred on the north side of the Channel, i. e.; north of the center line of the channel, where the 'H. Hanson' and her tow *should have been and were navigating* and where the 'Ahepa' and her tow *should not have been but were navigating.* There is no evidence here which I think excuses ª justifies the 'Ahepa' and her tow navi-

conclusions of law [2] which find ample support in the record, and the judgment must be affirmed.[3]

gating or being on the north side of the channel. They were negligent in being there.

"(c) I find that the Tug 'Ahepa' and those in charge of her were at fault and negligent in the following respects, which negligence was the proximate cause of the injury and damage to the Barge 'Walter Yott', the Barge 'RTC-93', and the Tug 'H. Hanson'. * * *

"(d) I find that neither the Tug 'H. Hanson' nor the Barge 'RTC-93', nor those in charge of them, were in any way negligent in navigating or handling their respective vessels, and they were not at fault.

"(e) That as between the Tug 'Ahepa' and her tow, the Barge 'Walter Yott', I do not find that either the 'Walter Yott', or its owners were in any way negligent."

[2] "Conclusions of Law.

"1. I conclude that only the Tug 'Ahepa' and her owners and operators are liable for the damages caused by such collision, and that the owners of the Tug 'H. Hanson', the Barge 'RTC-93', and the Barge 'Walter Yott' are entitled to recover their damages from the Tug 'Ahepa' and her owners and operators."

[3] Colvin v. Kokusai Kisen Kabushiki Kaisha, 5 Cir., 72 F.2d 44.