JACK NEILSON, Inc., Claimant of THE Tug JIM, Appellant,

v.

PURE OIL COMPANY, owner of THE M/V BOB McILVAIN, Appellee.

No. 15943.

United States Court of Appeals Fifth Circuit.

May 31, 1956.

J. Barbee Winston, New Orleans, La., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., of counsel, for appellant.

Brunswick G. Deutsch, Francis Emmett, and Deutsch, Kerrigan & Stiles, New Orleans, La., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

PER CURIAM.

This is a libel for damages sustained by The M/V Bob McIlvain as a result of a collision with the lead barge in the tow of the libelee's tug, The Jim, in the Gulf Intracoastal Waterway. The case was submitted to the district court on depositions and exhibits only, and its findings of fact are reported in D.C., 135 F.Supp. 786. Our review of the record leads us to the conclusion that these findings are in accordance with the weight of the evidence, and they are affirmed.

It appears that the trial court had ample grounds for finding that The Jim was clearly at fault in failing to have on board an efficient whistle, so that her signals would be audible for the required distance, and in failing to pull her barges off the north bank of the waterway, so that a port-to-port passing could be made. 46 C.F.R. § 25.10–10. 33 U.S.C.A. § 203, Rule I; 33 U.S.C.A. § 210. Tanker Hygrade No. 24 v. The Dynamic, 2 Cir., 213 F.2d 453; Bacon v. River Terminals Corp., 5 Cir., 172 F.2d 637. It is equally clear that this unseaworthy condition and her navigational errors were properly held to be the proximate causes of the collision. The only question is whether The McIlvain was also at fault, so as to necessitate dividing the damages, in continuing to approach an encumbered vessel after her signals went unanswered and while the tug and tow were rounding a 25° curve in the waterway, and in failing to stop sooner and reverse.

We think that the district court was correct in refusing to apportion damages on the libelee's theory that The McIlvain was negligent in failing to stop sooner and reverse. The McIlvain's negligence in this respect was slight in comparison with the serious defaults of The Jim, and not sufficient to warrant a division of damages. Bouchard Transportation Co. v. The Providence, 2 Cir., 223 F.2d 404. Moreover, having signalled for a port-to-port passing in a situation where such a passing would normally be expected, The McIlvain had a right to proceed at half speed under the assumption that such a passing would be made, even though her signals were unanswered. Graham v. Standard Wholesale Phosphate Acid Works, 4 Cir., 181 F.2d 50. This is not qualified by the fact that The Jim and her tow were at the time rounding a slight curve in the waterway, for, as the district court found, the cause of her being unable to pull her lead barges off the north bank after rounding the curve was not the angle of the curve, which was apparent to The McIlvain, but her own lack of sufficient power properly to effectuate the turn.

The judgment is

Affirmed.